854

■ In the Matter of the Estate of MARGARET RIGNEY, Deceased. GRACE MARSH, as Administratrix of the Estate of MARGARET RIGNEY, Deceased, Appellant. WILLIAM S. HEARLEY, Respondent.— Motion to dismiss appeal granted, by default, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ HAZEL SHAMBACH, Respondent, v. HAROLD L. SHAMBACH, Appellant.— Motion to dismiss appeal granted, by default, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ 787 CENTRAL PARK AVENUE, INC., Claimant, v. STATE OF NEW YORK, Defendant. (Claim No. 33316.) — Motion to stay the enforcement of the subpœna during the pendency of the appeal granted, on condition that the case be argued at the March Term of this court. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD L. GUYETTE, Appellant.— Motion for a certificate of reasonable doubt denied, without prejudice to an application to the Special Term. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ MOE NEWMAN, Respondent, v. JACOB MANDELBAUM et al., Defendants, and IRVING KNOPMAN, Appellant.— Motion to dismiss appeal granted, by default, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

## (February 6, 1958)

■ GUY LACHARITE, Respondent, v. EMMETT J. DUCATTE, Appellant.— Motion for permission to appeal to the Court of Appeals granted, without costs. This court certifies that in its opinion a question of law has arisen which ought to be reviewed by the Court of Appeals, which question is hereby certified as follows: "Was the order of the Appellate Division proper insofar as it reversed on the law the order and judgment of Special Term granting the plaintiff's motion for judgment on the pleadings?" Foster, P. J., Bergan, Coon and Gibson, JJ., concur. [See 4 A D 2d 130.]

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CHARLES STRAUB, Appellant.— Application for an order directing the Saratoga County Clerk to file a copy of the judgment roll in connection with an appeal from an order denying a writ of error coram nobis. Application denied. A county clerk is not required to furnish or file a judgment roll but is required to certify, without fee, the correctness of copies of papers on file in his office where an appellant has been granted permission to appeal as a poor person (Civ. Prac. Act, § 558). If stenographic minutes are necessary a poor person may apply to the court or Justice before whom the matter was heard for an order directing the cost thereof be paid by the county where the proceeding was had (Civ. Prac. Act, § 1493). Foster, P. J., Bergan, Coon and Gibson, JJ., concur.